**Valerie ANALLA, Plaintiff–Appellant,**

v.

**William HENDERSON, Postmaster General, U.S. Postal Service, Defendant–Appellant.**

No. 00–15460.

D.C. No. CV–98–04151–PJH.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2002 *.

Decided July 15, 2002.

Before CANBY and RYMER, Circuit Judges, and BERTELSMAN, Senior District Judge.**

MEMORANDUM ***

After taking leave for stress from her job as a part-time clerk at a United States post office, Valerie Analla brought suit against the United States Postal Service (USPS) under Title VII of the Civil Rights Acts and the Age Discrimination in Employment Act. She appeals the district

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\** Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

\*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

court's summary judgment on claims that USPS discriminated against her because of her sex and age. We affirm.

## I

Analla argues that USPS filed a statement of undisputed facts that was not jointly prepared pursuant to the Local Rules, and that the district court erred in failing to consider her opposition. USPS acknowledged its error, but the error has no consequence because Analla's counter statement was before the district court and there is no indication that it was not considered. All that the court noted is that Analla's opposition provided no argument based on facts supported by evidence to indicate that a prima facie case was established. Contrary to her position on appeal, the court had no obligation to consider papers filed later, for purposes of trial, after the summary judgment motion had been submitted.

## II

Assuming that each of the actions that she attributes to Bishop occurred, and assuming that they altered the terms and conditions of her employment, Analla has not raised a triable issue that they were on account of her sex or age. There is no evidence that similarly situated male employees, or younger employees, were treated more favorably for that reason. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). While Bishop's conduct may have been unprofessional, it was not because of Analla's gender or age.

## III

Nor has Analla shown that Bishop's outbursts or comments were so severe or pervasive as to create a hostile work environment based on sex. *Harris v. Forklift*

*Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). His inappropriate behavior consisted of an outburst over a leave request that would leave the office short-handed, a confrontation over coffee, and a remark after someone said that "he had Analla's number" that her number was on every bathroom in town. Although offensive and we assume subjectively abusive, a reasonable victim would not consider Bishop's conduct toward her sufficiently severe or pervasive to alter the conditions of employment.

Analla points to incidents about which other employees testified in the course of her EEOC proceedings, but these are immaterial to her claim absent evidence that she was aware of them. *See Brooks*, 229 F.3d at 923.

Finally, Analla faults USPS's failure to respond promptly to her complaints. We need not reach this issue, however, because we agree with the district court that Analla's hostile work environment claim fails on the merits of her case. Therefore, it is unnecessary to consider USPS's defense under *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

AFFIRMED.